# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

SHANE THOMAS CORKER,        )
                                          )

          Plaintiff,          )
                                          )

v.                              )      No.:  2:23-CV-101-KAC-CRW
                                          )

SULLIVAN COUNTY DETENTION  )
CENTER, CO. SAMSON, J. KINGY, LT.  )
MANTY, CO. PARRY, AND CO.     )
BOVAZER,                    )
                                          )

         Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court because Plaintiff, a prisoner housed in the Sullivan County Detention Center who is proceeding pro se, filed (1) an Amended Complaint under 42 U.S.C. §1983 [Doc. 5], (2) a motion for leave to proceed *in forma pauperis* [Doc. 3], and (3) documents in support of his motion for leave to proceed *in forma pauperis* [Doc. 6].  Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee.  *See* 28 U.S.C. § 1915(a).  It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] and supporting documents [Doc. 6] that he lacks the financial resources to pay the filing fee in a lump sum.  Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 3].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00).  The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.  28 U.S.C.

§ 1915(b)(1)(A) and (B).  Thereafter, the custodian of Plaintiff's inmate trust account **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy.  This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

Further, Plaintiff filed his Amended Complaint as a matter of right.[1]  *See* Fed. R. Civ. P. 15(a)(1).  However, the Court **NOTIFIES** Plaintiff that the Court **WILL NOT** consider any further amendments, supplements, or any other kind of motion for relief until after the Court has screened the Amended Complaint in accordance with the PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court will do so as soon as practicable.  Accordingly, the Court will automatically deny any requests or motions filed before the Court has completed this screening.

Finally, the Court **ORDERS** Plaintiff to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Under Local Rule 83.13, it is the duty

---

[1] Plaintiff appears to have filed an Amended Complaint because he believed his initial Complaint, which was filed in a miscellaneous action, had been dismissed [*See* Doc. 5 at 2].  But Plaintiff's miscellaneous action was not dismissed, instead, it was converted into this civil action once Plaintiff filed his motion for leave to proceed *in forma pauperis* [Doc. 3].  Regardless, Plaintiff's Amended Complaint, which appears to contain all his intended claims, serves as the operative complaint in this action.  *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change

in his address, to monitor the progress of the case, and to prosecute or defend the action diligently.

E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days

of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**                              s/ Katherine A. Crytzer
                                        KATHERINE A. CRYTZER
                                        United States District Judge