UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| SHANE THOMAS CORKER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 2:23-CV-101-KAC-CRW |
| SULLIVAN COUNTY DETENTION CENTER, C.O. SAMSON, J. KING[1], LT. MOUNTY[2], C.O. PARRY, AND C.O. BOVAZER, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the Sullivan County Detention Center, is proceeding pro se and *in forma pauperis* [Doc. 7] on an Amended Complaint [Doc. 5][3] under 42 U.S.C. § 1983. Plaintiff's Amended Complaint is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §§ 1915(e) and 1915A. For the reasons set forth below, the Court dismisses the Amended Complaint for failure to state a claim.

**I.     Screening Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*,

---

[1] From the Amended Complaint, it appears that this defendant's last name may be King, not "Kingy" as initially listed on the docket [*See* Doc. 5 at 3].
[2] From the Amended Complaint, it appears that this defendant's last name may be Mounty, not "Manty" as initially listed on the docket [*See id.*].
[3] Plaintiff's Amended Complaint incorporates and expands upon the allegations in his initial Complaint [*Compare* Doc. 5 *with* Doc. 1]. So the Court screens Plaintiff's Amended Complaint.

556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**II.     Plaintiff's Allegations**

On July 7, 2023, Plaintiff was placed in Tank 5, even though Plaintiff was not "on dis[ci]plinary" [Doc. 5 at 3-4]. Inmates in Tank 5 were only "let out [of their cells] for 15 mins. a night" to use the phone, use the inmate kiosk, or to shower [*Id*. at 4]. This practice continued until Plaintiff was moved to Dayroom B, Cell 12 on July 12, 2023 [*Id*.]. Cell 12 is a one-man disciplinary cell [*Id*.]. Plaintiff was placed in the cell even though he was not on disciplinary restrictions [*Id*.]. In Cell 12, Plaintiff was unable to obtain commissary, access tablets, or watch television, which other inmates are allowed to do [*Id*.]. There were two other inmates in the one-man cell, and Plaintiff slept "on the floor with [a] leaking sink and toilets" [*Id*.].

2

Case 2:23-cv-00101-KAC-CRW    Document 8    Filed 04/08/24    Page 2 of 11    PageID #: 30

Plaintiff remained in Cell 12 for approximately eleven (11) days until he was moved to "16 Cell" on July 23 [*Id*.]. 16 cell is a "four man cell" but nine (9) inmates were in it [*Id*.]. The sink leaked and "mold [was] growing" [*Id*.]. Plaintiff was then transferred to "Kelo 11" on August 6, 2023 [*Id*.]. At around 7:00 p.m., the toilet in that cell overflowed with sewage [*Id*.]. "CO Samson" made Plaintiff and his cellmate sit in the cell on their bunks for approximately four hours, while urine, feces, and water were "all over the floor" [*Id*.].

As of the date of the Amended Complaint, Plaintiff is "back in Tank 5[,]" where he is "only get[t]ing to cho[o]se between phone calls, showers, and kiosk" [*Id*.]. Plaintiff has attempted to "get moved out to a normal cell," but has not been allowed to do so [*Id*.]. "Lt. Mounty" told Plaintiff that he could "not be housed anywhere" [*Id*.]. As relief for the alleged violations, Plaintiff seeks release from jail, mental health services, expungement of his charges, monetary compensation, and reformation of the Sullivan County Detention Center [*Id*. at 5].

### III. Analysis

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

#### A. Defendants with No Alleged Personal Involvement

To state a claim against the named Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This

requirement exists because constitutional liability cannot attach to a defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under Section 1983 may not be imposed merely because a defendant "employs a tortfeasor"); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors."). The Amended Complaint contains no factual allegations of wrongdoing by Defendants J. King, C.O. Parry, and C.O. Bovazer. Therefore the Court **DISMISSES** Plaintiff's claims against these Defendants.

### B. Defendant Sullivan County Detention Center

Plaintiff named the Sullivan County Detention Center as a Defendant in this lawsuit [*See* Doc. 5 at 3]. But a detention facility is not a "person" for purposes of Section 1983. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. § 1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Therefore no claim against the Sullivan County Detention center can survive.

Even if the Court were to liberally construe Plaintiff's claims as claims against Sullivan County, the claims would fail. Sullivan County is an entity subject to suit. But to maintain a claim against Sullivan County, Plaintiff must allege facts from which this Court could infer that his

4

constitutional rights were violated because of an unconstitutional Sullivan County policy or custom. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). No allegations in the Amended Complaint would allow the Court to plausibly infer that Plaintiff's constitutional rights have been violated by the "official policies or established customs" of Sullivan County. *Id*. And, as previously discussed, employing an alleged "tortfeasor" is not enough to establish liability. *Id*. at 691. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant Sullivan County Detention Center.

    **C.**     **Defendants Lt. Mounty and C.O. Samson**

The only remaining Defendants are Lt. Mounty and C.O. Samson [*See* Doc. 5 at 3]. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). The Court thus "begins by identifying the specific constitutional right," Plaintiff alleges was violated. *Id.* at 394 (citations omitted). Although the Amended Complaint does not identify Plaintiff's custodial status at the relevant time, he notes on his inmate account statement form that his incarceration began on July 5, 2023 [Doc. 6 at 1].[4] Therefore, it is most likely that Plaintiff was a pretrial detainee in July and August 2023. So the Court presumes that Plaintiff was a pretrial detainee at the time of the incidents alleged in his Amended Complaint.[5]

---

[4] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977).

[5] Even if Plaintiff had been convicted at the relevant time, the result of the screen of his Amended Complaint would be the same under the Eighth Amendment.

5

Case 2:23-cv-00101-KAC-CRW   Document 8   Filed 04/08/24   Page 5 of 11   PageID #: 33

The Fourteenth Amendment's Due Process Clause protects pretrial detainees from being "punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, not every hardship imposed during pretrial detention amounts to "punishment" in the constitutional sense. *Id*. at 537. "Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to '"punishment.'" *Id*. at 539. Furthermore, there is a *de minimis* level of encroachment that does not rise to the level of a Constitutional violation. *Id*. at 539 n.21 (citation omitted).

### 1. Conditions of Confinement

Plaintiff challenges the conditions of his confinement. A conditions-of-confinement claim has both an objective and a subjective element. *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The objective element requires an allegation of a "sufficiently serious" deprivation. *Id.* And it is well established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Thus, only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted). As to the subjective element, a jail official may not punish a pretrial detainee through deliberate indifference to the conditions of his confinement. *See Bell*, 441 U.S. at 535; *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A jail official is deliberately indifferent to a pretrial detainee's conditions of confinement when he acts "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). "Conditions-of-confinement cases are highly fact-specific,

6

but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citation omitted).

Here, Plaintiff claims that beginning July 7, 2023 he was placed in four different cells where, at various times, he was exposed to overcrowding, leaky toilets and sinks, mold, and an overflowing toilet. While these conditions are regrettable, overcrowding that results in Plaintiff sleeping on a mat on the floor is not, standing alone, a violation of the Constitution. *See Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (finding "overcrowding is not, in itself, a constitutional violation"); *Hubbard v. Taylor*, 538 F.3d 229, 235-36 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation).

The Amended Complaint also alleges that Plaintiff was forced to sit on his bunk for four (4) hours while the floor of his cell was covered with waste and he otherwise complains of mold and leaky bathroom fixtures, but the Amended Complaint does not allege that Plaintiff suffered any physical consequences from those exposures such that the Court could find them sufficiently serious to violate the Constitution. *See, e.g.*, *Lamb*, 677 F. App'x at 209 (holding inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (concluding that there was no Eighth or Fourteenth Amendment violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days, but suffered no physical harm); *Barney v. Pulsipher*, 143 F.3d 1299, 1311-12 (10th Cir. 1998) (concluding that there was no constitutional violation where inmate was confined for forty-eight hours in a filthy cell, with inadequate lighting and ventilation, and unappetizing food); *Harris v. Ohio*, No. 1:19-CV-383, 2019 WL 2477354, at *6 (S.D. Ohio June 13, 2019) (finding plaintiff's "conclusory allegations that his cell was generally filthy, the ventilation was not properly functioning, [and] bugs were in

7

his cell" did not amount to a deprivation of "the minimal civilized measure of life's necessities"), *report and recommendation adopted*, No. 1:19-CV-383, 2020 WL 3893694 (S.D. Ohio July 10, 2020); *Keel v. Davidson Cnty. Sheriff's Office*, No. 3:13-1145, 2015 WL 799724, at *3 (M.D. Tenn. Feb. 25, 2015) (granting summary judgment to defendants where inmate complained of sewage leak for three weeks before work order was placed but alleged no physical harm because "[m]ultiple courts have found that exposure to leaking sewage in a prison cell with no accompanying physical harm is insufficient to satisfy the objective component of a constitutional violation"); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

The inconvenience and distress Plaintiff experienced are of an insufficient nature and duration to constitute "punishment" or to be "objectively, sufficiently serious" within the protections of the Constitution. *See Bell*, 441 U.S at 535; *Spencer*, 449 F.3d at 728. Therefore, Plaintiff's temporary exposure to these conditions is insufficient to state a Section 1983 claim, and the Court **DISMISSES** these claims.

### 2. Placement in Disciplinary Cells

The Amended Complaint also alleges that Plaintiff was held in "disciplinary cells" on two separate occasions although he had no disciplinary infractions [Doc. 5 at 3-4]. To state a claim based upon his confinement in a disciplinary cell, Plaintiff must demonstrate that he possessed a protected liberty interest in being free from such placement. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). That is, Plaintiff must show that being deprived

of an interest imposes on him an "atypical and significant hardship" relative to the ordinary circumstances of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

However, Plaintiff has no liberty interest in either his housing placement or in his security classification. *See, e.g., Montanye v. Haymes*, 427 U.S. 236, 242 (1976). And "administrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest without regard to duration." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (citations omitted); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (finding that an inmate "could not after *Sandin*, argue that placement in administrative segregation is an 'atypical and significant hardship'"); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (finding that mere "placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*").

Instead, disciplinary confinement is considered atypical and significant only in "extreme circumstances," *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010), such as a "prolonged or indefinite" period in restrictive conditions, *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) (citing *Wilkinson*, 545 U.S. at 224). Here, Plaintiff complains that he was held in a disciplinary cell, or administrative segregation, for approximately sixteen days between July 7, 2023, and July 23, 2023 [Doc. 5 at 3-4]. He also maintains that, as of the date he signed his Amended Complaint, August 16, 2023, he was "back in Tank 5[,]" which is a segregation cell [*Id.* at 4]. The Amended Complaint does not, therefore, allege a prolonged period of extreme deprivation that could be sufficient to state a cognizable due process claim. *See, e.g., Bishawi,* 628 F. App'x at 344 (concluding sixty-nine (69) days in administrative segregation did not constitute due process violation); *Joseph*, 410 F. App'x at 868 (holding sixty-one (61) days in segregation is not atypical and significant). Because Plaintiff has not alleged facts demonstrating that his

9

confinement in disciplinary cells is atypical and significant relevant to the ordinary incidents of prison life, the Court **DISMISSES** this claim.

Relatedly, Plaintiff contends that various privileges were denied or restricted while he was placed in disciplinary cells; including access to commissary, and tablets, and the ability to watch television [Doc. 5 at 4]. However, Plaintiff possesses no constitutional right to watch television or access the commissary. *See, e.g., Vick v. Core Civic*, 329 F. Supp. 3d 426, 451 (M.D. Tenn. 2018) ("Simply stated, there is no constitutional right to television while incarcerated." (citing *Rawls v. Sundquist*, 929 F. Supp. 284, 288-29 (M.D. Tenn. 1996))); *Adams v. Hardin Cnty. Det. Ctr.*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *3 (W.D. Ky. May 16, 2016) (finding there is "no federal constitutional right to purchase items (food or non-food) from a commissary at all."). And "[w]hile prisoners retain the right to communicate with friends, family, and counsel while in prison, they do not have a right to unlimited telephone calls." *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). The Amended Complaint includes facts showing that Plaintiff had periodic access to the telephone to communicate with loved ones and counsel. Therefore, the restrictions alleged by Plaintiff do not infringe his constitutional rights. Accordingly, the Court **DISMISSES** any claim related to Plaintiff's alleged denial of privileges.

### III. Conclusion

As set forth above, even liberally construing the Amended Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in*

*forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.  An appropriate judgment shall enter.

    **SO ORDERED.**

    **ENTER:**                            <u>s/ Katherine A. Crytzer</u>
                                                     KATHERINE A. CRYTZER
                                                     United States District Judge